Tilden David NESMITH,
Plaintiff-Appellee,

v.

TEXACO, INC., et al, Defendants,

Pool Offshore Company,
Defendant-Appellee,

v.

Tidex, Inc., Defendant-Appellant.

No. 80–3668.

United States Court of Appeals,
Fifth Circuit.

March 23, 1984.

Laborde & Lafargue, Cliffe E. Laborde, III, Marksville, La., for defendant-appellant.

Domengeaux & Wright, Bob F. Wright, Lafayette, La., for Nesmith.

Richard A. Cozad, Michael L. McAlpine, New Orleans, La., for Pool Co. and Pool Offshore.

Anthony D. Moroux, Lafayette, La., for Nesmith.

Before REAVLEY and JOHNSON,[1] Circuit Judges.

PER CURIAM:

We delayed consideration of this case pending decision *en banc* of *Culver v. Slater Boat Co.,* 644 F.2d 460 (5th Cir.1981). Following the *en banc* decision in *Culver,* 688 F.2d 280 (5th Cir.1982) (*en banc*) (*Culver I*), the Supreme Court decided *Jones & Laughlin Steel Corp. v. Pfeifer,* —— U.S. ——, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983). Prompted by the *Pfeifer* opinion, this Court reconsidered *Culver I* on petition for rehearing. *Culver v. Slater Boat Co.,* 722 F.2d 114 (5th Cir.1983) (*en banc*) (*Culver II*). In light of *Culver II* this Court vacates the damage award and remands for reassessment of damages. In calculating plaintiff's award, the district court applied a 6% inflation factor[2] and an 8% discount rate to plaintiff's estimated lost earnings. The *en banc* Court in *Culver II* opted for the below-market-discount method. This approach does not allow for consideration of inflationary factors when calculating plaintiff's lost stream of future earnings. Instead, the trier of fact estimates the wage increases the plaintiff would have received each year as a result of individual and societal factors (excepting price inflation), e.g., personal merit and experience. The resulting income stream is then discounted by a below-market discount rate.

On remand the district court, 491 F.Supp. 561, may hear any further evidence it deems necessary pursuant to *Culver II* in order to recalculate plaintiff's damage award. The court is directed to apply the principles of *Culver II* in adopting the appropriate discount rate. The remainder of the appeal presents no issues requiring written disposition. Accordingly, the judgment of liability against the defendants is affirmed.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.

---

1. The third member of the panel hearing this case was Chief Judge JAMES P. COLEMAN who has since retired from the Court. Accordingly the instant case is decided by a majority of the panel.

2. The court estimated that plaintiff's annual lost wages equalled $24,600 in 1980 dollars and then assumed a 6% inflation rate so that his annual lost wages at the end of his work life in 2013 amounted to $150,000. After discounting, the court applied a 15% rate to adjust the award for income taxes.